GRUENDER, Circuit Judge,
concurring in part and concurring in the judgment.
I agree that Recker’s sentence must be affirmed. I write separately to note my adherence to this court’s well-established rule that we review de novo the district court’s application of USSG § 3C1.1 to undisputed facts. “The question whether section 3C1.1 applies to [the defendant’s] conduct calls for an interpretation of the scope of the guideline. It is therefore a question of law which this court may review de novo. ” United States v. Werlinger, 894 F.2d 1015, 1016 (8th Cir.1990); United States v. Finck, 407 F.3d 908, 913-14 (8th Cir.2005) (same). Indeed, the case that the court cites for the proposition that a district court’s application of the sentencing guidelines is reviewed for clear error actually states that “[t]his court reviews de novo the district court’s interpretation and application of the Sentencing Guidelines and reviews for clear error its findings of fact.” United States v. Holmes, 751 F.3d 846, 852 (8th Cir.2014). The appropriate standard of review for the imposition of an enhancement pursuant to § 3C1.1, it must be noted, has been the subject of some debate within our circuit. United States v. Brown, 539 F.3d 835, 839 n. 4 (8th Cir.2008); id. at 842-44 (Bye, J., concurring in part and dissenting in part). Nonetheless, following our rule that a district court’s application of § 3C1.1 to undisputed facts is reviewed de novo, I agree that Recker’s sentence must be affirmed and therefore concur.